IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNDON HOFF<br>1575 W. Street Road, Apt. 431<br>Warminster, PA 18974<br><br>    Plaintiff,<br>v.<br><br>SPRING HOUSE TAVERN<br>1032 Bethlehem Pike<br>Box 245<br>Spring House, PA 19477<br><br>    Defendants. | CIVIL ACTION<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff Lyndon Hoff, by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated the instant action seeking redress for racial discrimination he sustained at the hands of Defendant, his former employer.

### II. Jurisdiction and Venue

2. The instant action is initiated pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1983. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Eastern District of Pennsylvania may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein or later added pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

4. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

### III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff Lyndon Hoff (hereinafter "Plaintiff" unless otherwise noted) is an adult individual and citizen of the United States with an address as set forth above.

7. Defendant Spring House Tavern is a business with an address as captioned above.

### IV. Procedural and Administrative Remedies

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII as follows:

   a. On or about March 10, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission and Equal Employment Opportunity Commission alleging race discrimination and retaliation.

      b. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on the foregoing charge on November 7th, 2012

      c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice.

10.    Plaintiff has exhausted his federal and state administrative remedies as to the allegations of this Complaint.

### V.    Factual Background

11.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.    Defendant Springhouse Tavern is a restaurant and bar.

13.    Plaintiff is African-American.

14.    Plaintiff worked as a server for Defendant from November 2009 to February 14, 2010.

15.    Plaintiff was constructively terminated from his employment as a result of a racially hostile environment.

16.    On February 14th, 2010, upon his arrival at work, Plaintiff was instructed to move his personal vehicle because of an anticipated increase of business that night, and did as he was instructed.

17.    At the aforesaid time, Caucasian employee Michael Gambino, who was directing traffic, came in and started talking with the owner and with other employees who had to move their vehicles.

18.    Plaintiff asked if I had to move his vehicle and Gambino replied "yes, you're lucky, if I had my white hooded sheet on I would have taken your fucking truck".

19.    Plaintiff I walked out of the kitchen and returned stating that I found the comment to be offensive. Gambino started to laugh and said "aw, did I hurt your feelings?"

20. Plaintiff then complained to Kathy Burns, one of Defendant's owners, about Gambino's comments.

21. Plaintiff advised Burns that, as a consequence of Gambino's racist statement, he was leaving.

22. Burns begged Plaintiff to stay, went in the back, and returned, advising Plaintiff Michael Gambino had been fired for his conduct.

23. This was in fact false.

24. Plaintiff, upon being falsely advised Gambino had been fired, agreed to continue his shift, but within minutes Burns came back and stated that Gambino would not be leaving and that Plaintiff "needed to make the best decision for himself".

25. Plaintiff replied that he was not comfortable with Defendant's racially hostile environment and that he had to leave, and Burns told him "that was his choice".

## Count I
### Title VII – Race Discrimination

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. In failing to take the actions it advised Plaintiff it was taking to redress its racially hostile environment, Defendant, by and through its agents, committed unlawful race discrimination in violation of Title VII of the Civil Rights Act of 1964.

28. Burns, on behalf of Defendant, admitted to Plaintiff upon learning that Gambino had used the foregoing racist language that firing was the appropriate means of dealing with the discrimination to which Plaintiff had been subjected, then reneged on her commitment to redress the discrimination in question by failing to fire Gambino.

29. A reasonable person in Plaintiff's position, confronted with Defendant's lack of action on its own stated plan of action to redress discrimination, would have resigned his employment as Plaintiff did.

30. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

### Count II
### Title VII – Retaliation

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. In complaining about the racist comments of Michael Gambino, Plaintiff engaged in protected activity.

33. In advising Plaintiff Gambino would be fired after he made the foregoing racist comment, of which Plaintiff complained, and then deliberately failing to take the actions it advised Plaintiff it was taking to redress the comment, Defendant, by and through its agents, committed unlawful retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

34. Defendant's actions in falsely advising Plaintiff that Gambino would be fired, knowing full well Plaintiff would return to work and soon learn this was not the case, were calculated to send a message to Plaintiff that his complaints were of no consequence and were intended to dissuade Plaintiff from making further complaints, to retaliate against him for making the aforesaid complaint, and to encourage Plaintiff to leave Defendant's employ.

35. A reasonable employee in Plaintiff's position would have been dissuaded from making further complaints of discrimination by Defendant's actions as aforesaid and realized he had no

choice but to quit or endure further racist comments by Gambino, who would be emboldened by Defendant's deliberate lack of action on Plaintiff's initial complaint.

36. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

*WHEREFORE*, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

### Count III
### Violations of 42 U.S.C. § 1981

37. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

38. At all times relevant herein, the Plaintiff maintained or sought to maintain a contractual relationship with Defendant (*i.e.,* an employment relationship).

39. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against the Plaintiff as a result of his race (African-American) and thereby deny him the benefits of the contractual relationship he had entered with the Defendant by failing to take the actions Burns advised Plaintiff would be taken to redress Gambino's racist comment.

40. Plaintiff has suffered damages as a direct result of the Defendant's unlawful actions as aforesaid.

*WHEREFORE*, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## Count IV
## Pennsylvania Human Relations Act

41. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

42. The foregoing actions by Defendant constitute unlawful race discrimination, in violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951, *et seq.*

43. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating against Plaintiff on the basis of his race or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their race and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

e. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

f. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

g. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

h. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

> Respectfully submitted,
>
> KOLMAN ELY, P.C.
>
> By: /s/ Wayne A. Ely, Esquire
> Wayne A. Ely, Esquire
> PA ID: 69670
> wely@kolmanlaw.net
> Attorney for Plaintiff
> 414 Hulmeville Avenue
> Penndel, PA 19047
> Phone:(215) 750-3134
> Fax:   (215) 750-3138

February 5, 2013